```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Avarden Investments,LLC**

                                            Case No. 15-cv-79-PB

    **v.**                                  Opinion No. 2015 DNH 173

**JPMorgan Chase Bank, N.A.**

## O R D E R

The defendant, JPMorgan Chase Bank, N.A. ("Chase"), has filed a motion to dismiss for failure to state a claim. For the reasons set forth in this Order, I grant the defendant's motion.

The complaint alleges that the plaintiff, Avarden Investments, LLC, entered into a contract with Deutsche Bank to sell a property that Deutsche Bank acquired in foreclosure. Chase signed the contract for Deutsche Bank as its attorney in fact. Plaintiff's manager, Gabriel Bilc, is the former owner of the property, which he lost after Deutsche Bank foreclosed. Chase, acting on behalf of Deutsche Bank, cancelled the contract after it learned that Bilc was the former owner of the property. In doing so, it relied on a clause in the contract that provides that it may terminate the agreement "in its sole discretion" if ". . . [b]uyer is the former mortgagor of the Property whose

interest was foreclosed . . . or is related to or affiliated in any way with the former mortgagor, and Buyer has not disclosed this fact to Seller in writing prior to Seller's acceptance of the Agreement and this Addendum."  Doc. No. 4-4, Ex. C at 8-9.

Avarden asserts claims for breach of contract (Count I), a violation of the New Hampshire Consumer Protection Act (Count II), breach of the implied covenant of good faith and fair dealing (Count III), and Fraud (Count IV).

This is not a close case.  Avarden has sued the wrong party on its breach of contract and good faith and fair dealing claims because it is undisputed that Chase was acting as an agent for a disclosed principal when it executed the contract.  Except in unusual circumstances not present here, an agent cannot be held liable for a subsequent breach of the contract by the principal. See, e.g., Universal Truck & Equip. Co. v. Southworth-Milton, Inc., 765 F.3d 103, 108 (1st Cir. 2014)(applying Rhode Island law); see also Restatement (Third) of Agency § 6.01 cmt. b (2006)(explaining that an agent for a disclosed principal generally "is not subject to liability if the principal fails to perform").  Any remedy Avarden has for breach of contract or breach of the duty of good faith and fair dealing thus should be directed to Deutsch Bank rather than Chase.  The complaint also fails to allege that Chase committed fraud with specificity.

Nor does it allege facts which would support an actionable Consumer Protection Act violation.  Accordingly, these claims must be dismissed as well.

    The motion to dismiss (doc. no. 4) is granted.  The clerk is instructed to close the case.

    SO ORDERED.

                                         /s/Paul Barbadoro
                                         Paul Barbadoro
                                         United States District Judge

September 9, 2015

cc:   Kenneth R. Bernard, Esq.
       Nathan Reed Fennessy, Esq.